# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-50916
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Buel DeWayne Smiley,

*Defendant—Appellant*.

―――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CR-187-1

―――――――――――――――――――

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Buel DeWayne Smiley was sentenced to 60 months of imprisonment after pleading guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues for the first time that § 922(g)(1) is unconstitutional because it violates the Second Amendment in the light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022),

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and because, as interpreted by this court, the statute exceeds Congress's authority under the Commerce Clause. The Government has moved without opposition for summary affirmance or, in the alternative, an extension of time in which to file a brief.

As Smiley concedes, his unpreserved *Bruen* challenge based on the Second Amendment is foreclosed by our opinion in *United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024), which rejected another such challenge on the ground that any error was not plain. *Jones* also rejected the argument that § 922(g)(1) is unconstitutional under the Commerce Clause. *See id.* at 573. Smiley acknowledges that his claims are unavailing under current law but seeks to preserve them for further review.

Because "there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.